Kenneth F. DEYO, Jr., Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 05–5301.

United States Court of Appeals, Second Circuit.

May 15, 2006.

Kenneth F. Deyo, Jr., Wolcott, CT, for Petitioner, pro se.

Robert L. Baker, Attorney, Tax Division, United States Department of Justice (Eileen J. O'Connor, Assistant Attorney General, Andrea R. Tebbets, Tax Division, United States Department of Justice), Washington, DC, for Respondent, of counsel.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. ROBERT D. SACK, Circuit Judges, and Hon. GERARD E. LYNCH,* Judge.

### SUMMARY ORDER

Appeal from a decision of the United States Tax Court denying Kenneth F. Deyo, Jr.'s petition for review of a notice of deficiency sent to him by the Commissioner of Internal Revenue.[1]

The petitioner-appellant, Kenneth F. Deyo, Jr., earned income of about $120,000 in 2001, but did not file a federal income tax return for that year. The Internal Revenue Service ("IRS"), by letter, asked him to file a return. Deyo responded that he had no net taxable income in 2001 and requested that the IRS tell him if it had "information implying otherwise." The IRS then notified Deyo by letter that he owed approximately $36,000 in taxes and penalties. It enclosed various publications describing the procedures by which taxpayers may contest the results of IRS examinations (audits). Pursuant to those publications and the regulations to which they refer, Deyo requested an informal interview at a local IRS office. The IRS did not grant Deyo an interview. On March 26, 2004, it mailed to Deyo a notice of deficiency pursuant to 26 U.S.C. § 6212.

On June 28, 2004, Deyo filed a timely petition in the United States Tax Court contesting the notice of deficiency. Deyo did not challenge the IRS's calculation of his taxes and penalties, but instead asserted that the IRS had violated his rights by failing to grant him an informal interview or an administrative appeal prior to issuing a notice of deficiency. The Tax Court granted judgment to the IRS. On appeal, Deyo renews his argument that irrespective of his tax liability, the IRS should have followed its own procedures regarding informal interviews and administrative appeals as described in the publications it sent him.

The publications sent to Deyo by the IRS included IRS Publication 1, entitled

---

* Of the United States District Court for the Southern District of New York, sitting by designation.

1. Although the relevant statute refers to our review of Tax Court decisions as "appeal[s]," see 26 U.S.C. § 7483, the official caption of this case refers to Deyo as the petitioner and the Commissioner of Internal Revenue as the respondent.

"Your Rights As a Taxpayer," *available at* http://www.irs.gov/pub/irs-pdf/p1.pdf (last visited May 8, 2006), and IRS Publication 5, "How to Prepare a Protest If You Don't Agree," *available at* http://www.irs.gov/pub/irs-pdf/p1.pdf (last visited May 8, 2006).[2] Under the heading "Examinations (Audits)," Publication 1 "gives an overview of how [the IRS] conduct[s] examinations" after it has "select[ed] a return for examination." IRS Pub. 1 at 2. It states that taxpayers whose returns are examined may request an interview with an IRS examiner. This statement is consistent with treasury regulations providing for informal interviews pursuant to examinations. *See* 26 C.F.R. 601.105(c) & (d).

IRS Publication 5 explains "how to appeal your tax case if you don't agree with the [IRS] findings." IRS Pub. 5 at 1. It states: "If you don't agree with any or all of the IRS findings given you, you may request a meeting or a telephone conference with the supervisor of the person who issued the findings. If you still don't agree, you may appeal your case to the Appeals Office of the IRS." *Id.* It continues:

> The Office of Appeals can settle most differences without expensive and time-consuming court trials. [Note: Appeals can not consider your reasons for not agreeing if they don't come within the scope of the tax laws (for example, if you disagree solely on moral, religious, political, constitutional, conscientious, or similar grounds.) ]

*Id.* Publication 5 is consistent with treasury regulations governing IRS appeals procedures. *See* 26 C.F.R. § 601.106(b).

■ As IRS Publication 1 and corresponding regulations indicate, the right to an informal interview applies to taxpayers whose tax returns have been selected for examination by the IRS. *See* IRS Pub. 1 at 2; 26 C.F.R. 601.105(a). It does not apply to taxpayers who do not file tax returns. Because Deyo did not file a tax return for 2001, he did not have the right to an informal interview prior to receiving a notice of deficiency.

■ Publication 5 and corresponding regulations make clear that the right to appeal IRS findings applies to most, but not necessarily all, taxpayers. In particular, taxpayers who disregard tax laws on "moral, religious, political, constitutional, conscientious, or similar grounds" are not entitled to administrative appeals. IRS Pub. 5 at 1; 26 C.F.R. § 601.106(b). The IRS is entitled to assume that taxpayers such as Deyo who do not file tax returns despite gross income far exceeding the minimum for which returns are required, *see* 26 CFR § 1.6012–1, and who, upon being asked to file, assert without explaining why that they owe no taxes, would appeal on such disapproved grounds. It was therefore permissible for the IRS to issue a notice of deficiency to Deyo without first allowing him to appeal its determination of his taxes and penalties.

For the foregoing reasons, the judgment of the Tax Court is hereby AFFIRMED.

---

**2.** Deyo also received IRS Publication 594, "The IRS Collection Process." *Available at* www.irs.gov/pub/irs-pdf/p594.pdf (last visited May 8, 2006). He does not allege that the IRS violated the rights described in Publication 594.